(208 P.3d 308)
No. 98,822

STATE OF KANSAS, *Appellee*, v. RODOLFO GAONA, *Appellant*.

Petition for review granted April 1, 2010.

Opinion filed May 29, 2009.

*Matthew J. Edge*, of Kansas Appellate Defender Office, for appellant.

*Tamara S. Hicks*, assistant county attorney, *John P. Wheeler, Jr.*, county attorney, and *Steve Six*, attorney general, for appellee.

Before RULON, C.J., MALONE and GREENE, JJ.

GREENE, J.: Rodolfo M. Gaona appeals his convictions for two counts of rape and two counts of aggravated criminal sodomy, arguing error in the admission of certain testimony and in the exclusion of certain documentary evidence, instruction error, cumulative error, and sentencing error. We agree with Gaona that the district court erred in failing to give an instruction for the lesser included offense of attempted rape as to one of the rape charges, and we must therefore reverse that conviction and remand for further proceedings. We reject the remaining claims of trial error and affirm all other convictions. We dismiss the sentencing challenge for lack of jurisdiction.

## Factual and Procedural Background

Gaona regularly babysat his wife's two children during her second shift work. On December 21, 2005, the 8-year-old son reported to his mom (Robbie) that Gaona and the 10-year-old daughter, M.L., "have a sick game." When questioned by mom, the daughter broke down in tears and refused to discuss the allegation. Mom took the children to the police station where they were interviewed by law enforcement personnel before M.L. was transported to the local hospital for a sexual assault examination. Ultimately, M.L. told a nurse at the hospital that Gaona would show her sex movies and would often wait until her brother went to sleep before he tried to have sex with her. M.L. also told the nurse (Washburn) that Gaona " 'put his thing up my butt' " and " 'puts his doinkey in my yaya.' "

Gaona was subsequently charged with three counts of rape, contrary to K.S.A. 21-3502(a)(2), and four counts of aggravated criminal sodomy, contrary to K.S.A. 21-3506(a)(1).

At trial, the allegations were discussed in more detail by both of the children, and a child abuse specialist testified about the patterns and dynamics observed in sexually abused children. Gaona testified in his own defense and denied any inappropriate touching of M.L. He also testified that he had problems getting or maintaining an erection due to erectile dysfunction. Ultimately the jury found Gaona guilty of two of the three rape charges and two of the four aggravated criminal sodomy charges. At sentencing, the district court imposed the aggravated number in the applicable grid box and sentenced Gaona to 330 months' imprisonment. Gaona timely appeals.

## Did the District Court Err in Admitting the Testimony of the Child Abuse Specialist?

Prior to trial, the State sought to endorse Kelly Robbins as an expert witness to testify about the typical behavior of sexually abused children. The district court determined that it was premature to rule on the motion, but ultimately allowed her to testify at trial over Gaona's objection. On appeal, Gaona argues that Robbins was not qualified to testify as an expert witness in such matters

because she did not have the training to understand or diagnose mental disorders, citing *State v. McIntosh*, 274 Kan. 939, 58 P.3d 716 (2002), and *State v. Villanueva*, 274 Kan. 20, 49 P.3d 481 (2002). We review a district court's ruling on the qualifications of a witness as an expert and the admission of expert witness testimony for an abuse of discretion. *McIntosh*, 274 Kan. at 955.

Although Robbins was not a psychiatrist, psychologist, social worker, mental health technician, or family therapist, she had specific training in child interview techniques and a wealth of experience in the investigation of child sexual abuse. She has a bachelor of science degree in Administration of Justice with a major in investigation. She has been certified by the American Prosecutor's Research Institute to teach "Finding Words" protocol, a methodology for interviewing child witnesses—especially those who may have suffered sexual abuse. Her training since 1999 has included a host of institutes addressing child abuse investigation and prosecution. Previously, she worked as a special agent for the Kansas Bureau of Investigation where her duties included the investigation of child abuse cases. At time of trial, she was the executive director of two nonprofit groups, the Western Kansas Child Advocacy Center (WKCAC) and "Finding Words" of Kansas. She testified that her work at WKCAC included the conducting of forensic interviews of children, and that she had interviewed more than 150 children who were purported to be victims of sexual abuse. "Finding Words" is a national program that teaches protocol to properly interview children, and Robbins was involved in bringing this program to Kansas and had taught the protocol to others.

Admissibility of expert testimony is governed by K.S.A. 60-456(b), which provides in part that the testimony of an expert witness

"in the form of opinions or inferences is limited to such opinions as the judge finds are (1) based on facts or data perceived by or personally known or made known to the witness at the hearing and (2) *within the scope of the special knowledge, skill, experience or training possessed by the witness.*" (Emphasis added.)

Although our Supreme Court has discussed issues surrounding expert testimony in the prosecution of sex crimes in both *McIntosh*

and *Villanueva*, the court has *not* held—contrary to Gaona's suggestion on appeal—that testimony as to common behaviors of sexually abused victims should be given *only* by an expert licensed or otherwise qualified to diagnose and treat mental disorders, such as a psychiatrist or licensed clinical social worker. A panel of this court held in *Villanueva* that it was error not to curtail an unlicensed social worker in giving diagnostic testimony concerning the symptoms of rape trauma syndrome and then relating them to a specific victim, and the Supreme Court reversed concluding this trial error was not harmless. The holdings of both courts, however, have no application here because Robbins was not asked to provide a medical diagnosis or to relate it to this specific victim, but rather was confined to a general discussion of common behavioral traits of sexually abused children.

In *McIntosh*, our Supreme Court agreed that " 'qualified expert witness testimony on the common patterns of behavior of a sexually abused child was admissible to corroborate the complaining witness' allegations.' " 274 Kan. at 957. Although the expert witness in *McIntosh* was a licensed social worker and therefore may have been more qualified than Robbins, the court did not establish any bright-line prerequisites for the qualifications to give such testimony. The court noted that the expert in *McIntosh* did not testify that the victim was abused; he provided only "circumstantial support in favor of [the victim's] credibility by demonstrating that her behavior was not inconsistent with someone who had been sexually abused." 274 Kan. at 959.

Absent clear prerequisites from our Supreme Court for the qualifications to give the testimony contemplated by *McIntosh*, we look to the applicable statute. Based on the criteria provided in K.S.A. 60-456(b), the question is whether Robbins' testimony as to the behavioral traits of sexually abused children was "within the scope of the special knowledge, skill, experience or training" that she possessed. Reviewing this for an abuse of discretion, we are unable to conclude that the district court was arbitrary, fanciful, or otherwise unreasonable in allowing the testimony. Robbins clearly possessed a degree of "training," "special knowledge," and "experience" in the interviewing of sexually abused children. We reit-

erate that Robbins confined her testimony to the common behaviorial traits without relating them to the specific victim, that she did not provide diagnostic testimony beyond her credentials, that she did not state or imply that M.L. had been sexually abused, that she did not opine on whether the victim was truthful or credible, that she did not suggest in any manner that Gaona had any involvement, and that the totality of her testimony appears to have been within the permissible scope of such testimony endorsed by our Supreme Court in *McIntosh.*

For these reasons, we conclude there was no abuse of discretion in allowing Robbins to testify as she did, and we reject Gaona's challenge to her credentials.

### *Did the District Court Err in Failing to Instruct the Jury on the Lesser Included Offense of Attempted Rape?*

Gaona was charged with rape in Counts I, III, and V but was convicted only of Counts I and III. Count I was based on acts alleged to have occurred on December 20, 2005, while Count III was based on acts alleged to have occurred on December 19, 2005. The district court instructed the jury on the lesser included offense of attempted rape with respect to Count I, but declined to issue this same instruction for Count III despite Gaona's request that it be given. Gaona argues the court's failure to so instruct the jury on Count III constitutes reversible error.

With the exception of a felony-murder case, a criminal defendant has a right to an instruction on all lesser included offenses supported by the evidence at trial as long as (1) the evidence, when viewed in the light most favorable to the defendant's theory, would justify a jury verdict in accord with the defendant's theory and (2) the evidence at trial does not exclude a theory of guilt on the lesser offense. If, however, from the evidence the jury could not reasonably convict the accused of the lesser offense, then an instruction on a lesser included offense is not proper. *State v. Simmons*, 282 Kan. 728, 741-42, 148 P.3d 525 (2006).

" 'In a criminal action, a trial court must instruct the jury on the law applicable to the defendant's theories for which there is supporting evidence. When considering the refusal of the trial court to give a specific instruction, the evidence must

be viewed by the appellate court in the light most favorable to the party requesting the instruction.' [Citation omitted.]" *State v. Hayden*, 281 Kan. 112, 131-32, 130 P.3d 24 (2006).

Rape, as charged in this case, is defined as sexual intercourse with a child who is under 14 years of age. See K.S.A. 21-3502(a)(2). Sexual intercourse is defined as "any penetration of the female sex organ by a finger, the male sex organ or any object. Any penetration, however slight, is sufficient to constitute sexual intercourse." See K.S.A. 21-3501(1). To establish the crime of attempted rape, the State would have been required to present evidence that Gaona performed an overt act with the intent to commit a rape but failed to complete the crime. See K.S.A. 21-3301; K.S.A. 21-3502(a)(2).

At the instructions conference, defense counsel asked for an attempted rape instruction on Count III. Defense counsel noted Nurse Washburn's testimony that M.L. stated Gaona " 'tried to have sex' " with her and " '[t]hat's what he always does . . . puts his doinkey in my yaya.' " Defense counsel claimed that this testimony failed to establish that Gaona actually committed the crime of rape on December 19, 2005, the date specified in Count III, supporting an instruction on attempted rape. In response, the State argued the evidence that Gaona tried to have sex with M.L. was in reference to Count I, not Count III. The district court agreed with the State's recollection of the evidence and denied Gaona's request for the attempted rape instruction on Count III.

On appeal, the parties renew these same arguments. Gaona argues the evidence supported an instruction on attempted rape because M.L. told Washburn with respect to the December 19 incident that Gaona "tried" to have sex with her, and that the court's refusal to give this instruction violated his constitutional right to present a defense. Again, the State claims that M.L.'s statements about Gaona trying to have sex with her referenced only the rape charge in Count I.

A review of the record supports Gaona's argument. Washburn testified that M.L. stated: " 'He put his thing up my butt and, um, he tried to have sex with me,' " and, " 'That's what he always does . . . puts his doinkey in my yaya.' " M.L. also told Washburn, " 'A lot of times he waits till [her brother] goes to sleep and

then he tries to have sex with me.' " When the prosecutor asked Washburn if M.L. had been able to identify specific dates these acts occurred, Washburn stated that M.L. told her that she watched "sex movies" with Gaona on December 20, 2005, and M.L. "also disclosed on 12-19-05 on Monday, um, 'That, uh, *he'd tried to have sex with me*, um,' and—and that was when they were waiting for [her brother] to go to sleep." (Emphasis added.) Clearly, the prosecutor and the district court's recollection of the evidence was incorrect, as the evidence presented with respect to December 19, 2005—the date alleged in Count III—did not definitively state that the act of rape was completed on that date. When viewing the evidence in the light most favorable to Gaona, there is a possibility that the jury could have convicted Gaona of the lesser included offense of attempted rape. Therefore, Gaona's conviction of rape on Count III must be reversed and the case remanded for further proceedings.

### *Was the District Court's Failure to Instruct the Jury on the Lesser Included Offense of Attempted Aggravated Criminal Sodomy Clearly Erroneous?*

Gaona also claims the district court erred in failing to instruct the jury on the lesser included offense of attempted aggravated sodomy on Counts II and VII.

Gaona did not request this instruction at trial; therefore, the district court's failure to so instruct the jury only constitutes reversible error if the failure to give the instruction was clearly erroneous. *State v. Engelhardt*, 280 Kan. 113, 134, 119 P.3d 1148 (2005). Failure to give an instruction "is clearly erroneous only if the appellate court reaches a firm conviction that, had the instruction been given, there was a real possibility the jury would have returned a different verdict. [Citation omitted.]" *Simmons*, 282 Kan. at 741.

As charged in Counts II and VII, aggravated criminal sodomy is sodomy with a child who is under 14 years of age. K.S.A. 21-3506(a)(1). Sodomy is defined in part as "oral contact or oral penetration of the female genitalia or oral contact of the male genitalia; anal penetration, however slight, of a male or female by any body

part or object . . . ." K.S.A. 21-3501(2). The State alleged in Count II that Gaona committed this crime on December 20, 2005, and alleged in Count VII that he had done so between March 23, 2005, and December 19, 2005.

To establish the crime of attempted aggravated criminal sodomy, the State was required to present evidence that Gaona performed an overt act with the intent to commit aggravated criminal sodomy but failed to complete the crime. K.S.A. 21-3301; K.S.A. 21-3506(a)(1). Gaona claims that the jury should have been instructed on the lesser included offense of attempt based on M.L.'s inconsistent testimony that Gaona would often try to have sex with her, that she forgot where Gaona's penis touched her, and that he touched her butt with his finger but could not remember if it went inside. Gaona argues that this testimony, combined with the fact that no seminal fluid was found on the swabs in the sexual assault kit, supports an inference of attempted, but unsuccessful, anal penetration.

At trial, Washburn testified that M.L. stated, " 'He put his thing up my butt and, um, he tried to have sex with me.' " M.L. testified that Gaona put his doinkey in her mouth and touched her butt with his doinkey. Unlike the statement that Gaona " 'tried to have sex with [M.L.],' " however, there is no similar evidence found in the record that Gaona at any time unsuccessfully attempted to commit the crime of aggravated sodomy.

Although M.L.'s testimony was inconsistent at times, the jury was simply not presented with evidence that Gaona tried but failed to complete the crime of aggravated criminal sodomy. "Where there is no substantial evidence applicable to the lesser degrees of the offense charged, and all of the evidence taken together shows that the offense, if committed, was clearly of the higher degree, instructions relating to the lesser degrees of the offense are not necessary." *State v. Gibbons*, 256 Kan. 951, 955, 889 P.2d 772 (1995). Moreover, Gaona's theory of defense at trial was that none of these acts occurred, not that he unsuccessfully attempted these acts. Because there was no real possibility the jury would have returned a different verdict had it been presented with the attempt

instruction, we conclude the district court's failure to provide such an instruction was not error.

### Did the District Court Violate Gaona's Right to Present a Defense By Excluding His Medical Records from Evidence?

Gaona next alleges that the district court erred in excluding his medical records from evidence. Specifically, Gaona claims he was denied the opportunity to present "crucial evidence essential to his claim of erectile dysfunction," thereby substantially impairing his ability to present a defense.

When reviewing a district court's decision to admit evidence, an appellate court first determines whether the evidence is relevant. Relevant evidence is "evidence having any tendency in reason to prove any material fact." K.S.A. 60-401(b). Thus, the evidence, to be relevant, must also be material. *State v. Reid*, 286 Kan. 494, 504, 186 P.3d 713 (2008). The standard of review for a materiality finding is de novo. 286 Kan. at 505. The standard of review for a finding that evidence is probative in the particular case is the abuse of discretion standard. 286 Kan. at 509. Finally, even if evidence is material and probative, the district court must determine whether the evidence is unduly prejudicial. The appellate court reviews the determination whether evidence is unduly prejudicial under the abuse of discretion standard. 286 Kan. at 512.

After the State had rested its case and after the defense had already begun presenting evidence, Gaona attempted to have his entire medical record introduced into evidence. The prosecutor objected to the admission of the records, arguing that they had only been provided to her that day. The prosecutor further stated:

"It's my understanding that [defense counsel] is planning on just entering these pieces of evidence in with no doctor testifying about them, no nurse testifying about them, strictly that they're medical records.

"There is no doctor on the jury. I don't know how they could possibly decipher all of this stuff. There's things in here as minor as a spider bite. I don't know why that would be relevant to this proceeding. So I'm going to object to any admission of these or any—I don't—I don't even want them brought up before the—the jury when there's not going to be anybody that testifies about them."

In response, defense counsel admitted that he had provided the records to the State "just a couple of hours ago" but explained that

he had only made a final decision that day to introduce the records. Defense counsel explained that Gaona was aware of the risk that the jury may not understand the records without doctor testimony, but asked that the jury be given the opportunity to determine their weight and credibility. The district court denied admission of the records, stating that the State would not have an opportunity to cross-examine anyone in connection with the records. The court did note that Gaona was scheduled to testify and that any medical matters could be introduced through his testimony.

The State filed a discovery request prior to trial, requesting, *inter alia*, any medical records Gaona intended to produce at trial, yet Gaona failed to provide the State with the records until the day of trial. K.S.A. 22-3212(g) gives the district court authority to prohibit a party from introducing evidence when discovery rules have been violated. Additionally, Gaona has failed to show that the medical records were relevant, material, or probative. As noted by the State, the records were not all restricted to Gaona's claims of erectile dysfunction, but rather included a host of irrelevant information. Further, Gaona cannot establish that he was prejudiced by the district court's refusal to admit the records. Gaona testified about his medical history at trial, including his claims of erectile dysfunction, and any reference to these claims within the records would have been cumulative. The district court did not err in refusing admission of Gaona's medical records into evidence.

### Did the District Court Admit Evidence in Violation of K.S.A. 60-455?

Gaona also claims the district court erred in admitting evidence that he watched pornographic movies with M.L. without first making a determination whether such evidence was admissible under K.S.A. 60-455.

K.S.A. 60-455 provides:

"Subject to K.S.A. 60-447 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his or her disposition to commit crime or civil wrong as the basis for an inference that the person committed another crime or civil wrong on another specified occasion, but subject to K.S.A. 60-445 and 60-448 such evidence is admissible when relevant to prove

some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

Gaona argues the evidence that he watched pornographic movies with M.L. clearly showed a propensity to commit the type of acts alleged against him in the complaint and should have been barred by this statute.

Prior to trial, Gaona filed (1) a pretrial motion in limine in which he sought to prevent evidence of prior crimes from being introduced at trial, and (2) a motion to prevent introduction "of other crime evidence or other bad acts" pursuant to K.S.A. 60-420, K.S.A. 60-421, and K.S.A. 60-422. Neither motion specifically mentioned the pornographic movies, and Gaona did not object to the admission of or testimony about the movies at trial. In fact, defense counsel asked Robbie and M.L. about the movies during cross-examination. K.S.A. 60-404 requires a timely and specific objection to the admission of evidence to preserve a claim of error in its admission. See *State v. Anthony*, 282 Kan. 201, 206, 145 P.3d 1 (2006). Our Supreme Court has recently clarified that a failure to make a timely and specific objection to evidence at trial bars any consideration of its admission on appeal. *State v. King*, 288 Kan. 333, 348-49, 204 P.3d 585 (2009). For this reason, we reject Gaona's challenge to this evidence on appeal.

### *Did the District Court Err in Admitting Prior Consistent Statements of the Victim Prior to the Victim's Own Testimony?*

Gaona next argues that he was denied a fair trial because Robbie and Nurse Washburn were permitted to testify about M.L.'s story before M.L. testified, thus improperly bolstering M.L.'s testimony and denying him a fair trial.

Gaona's argument on this point is confusing, as Robbie only testified that M.L. told her that she had watched a pornographic movie and did not actually testify about any statements made by M.L. as to what Gaona had allegedly done. Robbie testified that her son told her that Gaona and M.L. " 'have a sick game.' " When asked what this meant, M.L. refused to tell Robbie anything. The remainder of Robbie's testimony was mainly about the events of

that day, including testimony about taking the children to the police station and taking M.L. to the hospital for the sexual assault exam. Additionally, Gaona's claim that Washburn testified prior to M.L. is incorrect. Washburn was actually called to testify after M.L. had already taken the stand and been impeached.

Gaona did not raise this argument below with respect to Robbie or Washburn's testimony; therefore, he did not preserve this issue for appeal. See K.S.A. 60-404; *Anthony*, 282 Kan. at 206. Due to the very explicit recent ruling of our Supreme Court, we decline to address claims of evidentiary error on appeal absent a timely and specific objection at trial. *King*, 288 Kan. at 348-49.

### Did Cumulative Error Deprive Gaona of a Fair Trial?

Gaona claims the cumulative effect of multiple trial errors caused substantial prejudice and denied him a fair trial.

" 'Cumulative trial errors, considered collectively, may be so great as to require reversal of a defendant's conviction. The test is whether the totality of the circumstances substantially prejudiced the defendant and denied the defendant a fair trial. No prejudicial error may be found under the cumulative effect rule if the evidence is overwhelming against a defendant.' [Citation omitted.]" *State v. Nguyen*, 285 Kan. 418, 437, 172 P.3d 1165 (2007).

Cumulative error will not be found when the record fails to support the errors raised on appeal by the defendant. *State v. Davis*, 283 Kan. 569, 583, 158 P.3d 317 (2007); *State v. Jones*, 283 Kan. 186, 218, 151 P.3d 22 (2007). Although it was previously determined that the district court committed reversible error in failing to instruct the jury on attempted rape for Count III, one error is insufficient to support reversal under the cumulative effect rule. *Nguyen*, 285 Kan. at 437. Therefore, we conclude Gaona is not entitled to further relief.

### Did the District Court Err in Sentencing Gaona to the Aggravated Sentence in the Grid Block Without Having the Aggravating Factors Put to a Jury and Proven Beyond a Reasonable Doubt?

The district court sentenced Gaona to a guidelines sentence that was in the aggravated range for rape and aggravated criminal sodomy. He contends on appeal that imposition of the high end of the

sentencing grid without submitting the grounds for an aggravated sentence to the jury implicates his constitutional right to a trial by jury.

Interpretation of a sentencing statute is a question of law, and the appellate court's standard of review is unlimited. *State v. Ruiz-Reyes*, 285 Kan. 650, 653, 175 P.3d 849 (2008). The constitutionality of a sentencing statute is a question of law over which this court has unlimited review. *State v. Allen*, 283 Kan. 372, 374, 153 P.3d 488 (2007).

Our Supreme Court has recently decided this issue adversely to Gaona's position: "A sentence to any term within the range stated in a Kansas sentencing guidelines presumptive grid block does not violate *Cunningham v. California*, 549 U.S. 270, 166 L. Ed. 2d 856, 127 S. Ct. 856 (2007), or *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000)." *State v. Johnson*, 286 Kan. 824, Syl. ¶ 5, 190 P.3d 207 (2008); see *State v. Gallegos*, 286 Kan. 869, 879, 190 P.3d 226 (2008). Gaona's sentencing challenge is dismissed.

Affirmed in part, reversed in part, dismissed in part, and remanded for further proceedings not inconsistent with this opinion.