NOT DESIGNATED FOR PUBLICATION

No. 115,618

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RODOLFO M. GAONA,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Finney District Court; MICHAEL L. QUINT, judge. Opinion filed February 10, 2017.
Affirmed.

*Douglas C. Spencer*, of Spencer & Spencer, P.A., of Oakley, for appellant.

*Tamara S. Hicks*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and
*Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., POWELL, J., and HEBERT, S.J.

POWELL, J.:  Rodolfo M. Gaona appeals the denial of his habeas corpus motion
filed pursuant to K.S.A. 60-1507, claiming the district court erred in summarily
dismissing his claims and not granting him an evidentiary hearing. Before the district
court, Gaona asserted grounds for relief which included numerous claims of ineffective
assistance of counsel, a claim that his trial counsel's cumulative errors denied him a fair
trial, and a claim that the district court made two errors during his criminal trial. After a
preliminary hearing the district court dismissed the last two claims due to res judicata;
after reviewing the record, the court then dismissed Gaona's remaining grounds for relief

1

without an evidentiary hearing. Because our independent review of the record shows Gaona is not entitled to relief, we affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

The facts of Gaona's case are taken from his direct appeal.

"Gaona regularly babysat his wife's two children during her second shift work. On December 21, 2005, the 8-year-old son reported to his mom . . . that Gaona and the 10-year-old daughter, M.L., 'have a sick game.' When questioned by mom, the daughter broke down in tears and refused to discuss the allegation. Mom took the children to the police station where they were interviewed by law enforcement personnel before M.L. was transported to the local hospital for a sexual assault examination. Ultimately, M.L. told a nurse at the hospital that Gaona would show her sex movies and would often wait until her brother went to sleep before he tried to have sex with her. M.L. also told the nurse (Washburn) that Gaona '"put his thing up my butt"' and '"puts his doinkey in my yaya."'

"Gaona was subsequently charged with three counts of rape, contrary to K.S.A. 21-3502(a)(2), and four counts of aggravated criminal sodomy, contrary to K.S.A. 21-3506(a)(1).

"At trial, the allegations were discussed in more detail by both of the children, and a child abuse specialist testified about the patterns and dynamics observed in sexually abused children. Gaona testified in his own defense and denied any inappropriate touching of M.L. He also testified that he had problems getting or maintaining an erection due to erectile dysfunction. Ultimately the jury found Gaona guilty of two of the three rape charges and two of the four aggravated criminal sodomy charges. At sentencing, the district court imposed the aggravated number in the applicable grid box and sentenced Gaona to 330 months' imprisonment." *State v. Gaona*, 41 Kan. App. 2d 1064, 1066, 208 P.3d 308 (2009), *aff'd* 293 Kan. 930, 270 P.3d 1165 (2012).

In his direct appeal, Gaona asserted the district court erred by (1) allowing the Executive Director of Finding Words of Kansas to testify as an expert about the behavior of child victims of sexual abuse; (2) failing to give a lesser included instruction on attempted aggravated criminal sodomy; (3) failing to give a lesser included instruction for attempted rape; (4) excluding Gaona's medical records; (5) admitting evidence that Gaona showed M.L. pornographic movies; and (5) admitting evidence of M.L.'s prior consistent statements before her own live testimony at trial. Gaona also asserted that cumulative error entitled him to a new trial and that he was entitled to be resentenced because he was given the high number in the applicable Kansas Sentencing Guidelines Act (KSGA) grid box without any aggravating factors having been proven to a jury beyond a reasonable doubt. *Gaona*, 293 Kan. at 932; *Gaona*, 41 Kan. App. 2d at 1076-77.

A panel of our court agreed that Gaona should have received an attempted rape instruction and reversed one of his rape convictions but held that no other issues on appeal required reversal. *Gaona*, 41 Kan. App. 2d at 1065. Gaona then appealed to the Kansas Supreme Court, which affirmed. 293 Kan. at 933, 957.

On February 22, 2013, Gaona filed his present pro se K.S.A. 60-1507 motion, claiming four grounds of relief: (1) His trial counsel was ineffective for 10 reasons; (2) his trial counsel's multiple errors deprived him of a fair trial; (3) prosecutorial error deprived him of a fair trial; and (4) cumulative errors deprived him of a fair trial. The district court summarily dismissed Gaona's third and fourth issues, holding they were barred by res judicata. After a review of the files and records, the district court then held that Gaona received adequate representation and dismissed the remaining issues.

Gaona timely appeals.

3

DID THE DISTRICT COURT ERR BY DISMISSING GAONA'S 60-1507 MOTION
WITHOUT HOLDING AN EVIDENTIARY HEARING?

As an initial matter, we are constrained to address the adequacy of Gaona's brief. After simply regurgitating the facts from the appellate decisions in Gaona's direct appeal—without reference to the record on appeal by volume and page number pursuant to Supreme Court Rule 6.02(a)(4) (2017 Kan. S. Ct. R. 34)—and then referencing the district court's decision in this case, Gaona's appellate counsel merely incorporates by reference—without argument—a number of pleadings filed in the district court, including Gaona's habeas corpus motion. This approach is woefully insufficient.

It is well established that an issue not briefed is deemed waived or abandoned. See *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). "The court may presume that a factual statement made without a reference to volume and page number has no support in the record on appeal." Supreme Court Rule 6.02(a)(4) (2017 Kan. S. Ct. R. 35). Moreover, a failure to support a point with pertinent authority or to show why it is sound despite a lack of supporting authority is akin to failing to brief an issue. *State v. Murray*, 302 Kan. 478, 486, 353 P.3d 1158 (2015). The complete lack of argument in Gaona's brief justifies an outright dismissal of this appeal. See *Bethany Med. Center v. Niyazi*, 20 Kan. App. 2d 464, 466, 890 P.2d 349 (1995) ("This court will not consider issues not supported by argument or authority."). Notwithstanding the inadequacies of Gaona's brief, and in the interests of justice and judicial economy, we will address the merits of Gaona's claims.

A district court has three options when reviewing a K.S.A. 60-1507 motion:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no

4

substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

"When . . . a district court denies a 60-1507 motion based only on the motion, files, and records after a preliminary hearing, we are in as good a position as [the district] court to consider the merits. So we exercise de novo review." *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014). Summary dismissal of a 60-1507 motion is also reviewed de novo. *Sola-Morales*, 300 Kan. at 881.

A.      *Did Gaona receive ineffective assistance of counsel?*

Gaona first argues that his trial counsel was ineffective. A claim alleging ineffective assistance of counsel "presents mixed questions of law and fact requiring de novo review." *Thompson v. State*, 293 Kan. 704, 715, 270 P.3d 1089 (2011). We review "the underlying factual findings for substantial competent evidence and the legal conclusions based on those facts de novo." *Boldridge v. State*, 289 Kan. 618, 622, 215 P.3d 585 (2009). To prevail on a claim of ineffective assistance of counsel, a movant must satisfy two elements:  "(1) the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice." *Sola-Morales*, 300 Kan. at 882.

Judicial scrutiny of counsel's performance in a claim of ineffective assistance is highly deferential and requires consideration of all the evidence before the judge or jury. *Bledsoe v. State*, 283 Kan. 81, 90-91, 150 P.3d 868 (2007). The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). "'[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than

complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.'" *State v. Cheatham*, 296 Kan. 417, 437, 292 P.3d 318 (2013) (quoting *Strickland v. Washington*, 466 U.S. 668, 690-91, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]).

To establish prejudice, the movant must show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different, with a reasonable probability meaning a probability sufficient to undermine confidence in the outcome. *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015).

In his 60-1507 motion, Gaona argues that his trial counsel was ineffective for: (1) failing to object to the admission of evidence; (2) failing to properly submit evidence to the State prior to trial; (3) failing to secure a medical expert in erectile dysfunction; (4) failing to secure a medical expert with knowledge of recessed hymens; (5) failing to object during the State's closing argument; (6) failing to object to witness statements; (7) failing to object to the State's violation of Gaona's motion in limine; (8) failing to object to and redact portions of taped interviews presented to the jury; (9) failing to properly cross-examine the State's witnesses; and (10) trial counsel's conflict of interest. We will address each argument in order.

1.      *Failure to object to admission of evidence*

First, Gaona argues his trial counsel was ineffective for failing to object to the admission of evidence. Specifically, he argues that his counsel was ineffective for failing to object to "prior bad acts" evidence under K.S.A. 60-455 regarding the admission of shotguns owned by Gaona, the admission of testimony about showing pornography videos during one of Gaona's assaults of M.L., and failing to object to the covers of those pornography videos entered as evidence.

6

K.S.A. 60-455 provides in relevant part:

>"Subject to K.S.A. 60-447 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his or her disposition to commit crime or civil wrong as the basis for an inference that the person committed another crime or civil wrong on another specified occasion but, subject to K.S.A. 60-445 and 60-448, such evidence is admissible when relevant to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

A crime is "[a]n act that the law makes punishable; the breach of a legal duty treated as the subject-matter of a criminal proceeding." Black's Law Dictionary 451 (10th ed. 2014). A civil wrong is "[a] violation of noncriminal law, such as a tort, a breach of contract or trust, a breach of statutory duty, or a defect in performing a public duty; the breach of a legal duty treated as the subject matter of a civil proceeding." Black's Law Dictionary 1849 (10th ed. 2014).

Here, the possession of a shotgun and possession of pornography do not qualify under the definitions of "crime" or "civil wrong." Therefore, Gaona's trial counsel could not have been ineffective for his failure to object to the admission of this evidence under K.S.A. 60-455. However, even if we were to presume that the showing of pornography during Gaona's assault of M.L. was a crime—perhaps contrary to K.S.A. 2015 Supp. 21-6401, promoting obscenity to minors—it still would not run afoul of K.S.A. 60-455, because in addition to being relevant, as we explain below, such evidence "'forms a part of the events surrounding the commission of the crime' in post-*Gunby* cases." *State v. Peppers*, 294 Kan. 377, 389, 276 P.3d 148 (2012); see *State v Gunby*, 282 Kan. 39, 59-63, 144 P.3d 647 (2006). The district court did not err when it dismissed this issue in Gaona's 60-1507 motion without an evidentiary hearing.

Gaona also argues that his trial counsel should have objected to the admission of the shotguns and pornography on the basis of relevance. Generally speaking, "all relevant evidence is admissible." K.S.A. 60-407(f). "'Relevant evidence' means evidence having any tendency in reason to prove any material fact." K.S.A. 60-401(b). "Relevance has two components: materiality, which is reviewed de novo, and probativity, which is reviewed for abuse of discretion." *State v. Page*, 303 Kan. 548, 550-51, 363 P.3d 391 (2015). Evidence is material when the fact it supports is in dispute or in issue in the case. See *State v. Bowen*, 299 Kan. 339, 348, 323 P.3d 853 (2014). "Evidence is probative if it has any tendency to prove any material fact." *State v. Dupree*, 304 Kan. 43, 64, 371 P.3d 862, *cert. denied* 137 S. Ct. 310 (2016).

Gaona bears the burden of overcoming the presumption that the challenged action was sound trial strategy. See *State v. Rice*, 261 Kan. 567, 599-600, 932 P.2d 981 (1997) (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 689-90, 104 S. Ct. 2052, 80 L. Ed. 2d 674 [1984]).

a.      *Admission of the shotguns*

One of the issues raised at trial was M.L.'s delayed disclosure of her sexual abuse. M.L's mother testified that M.L. told her she did want to discuss Gaona's assaults on her because she "was afraid something bad would happen" to her, her brother, or her mom. In fact, it was M.L.'s brother who told their mother of the assaults. When M.L.'s mother asked M.L. about it, M.L. began to cry and said she could not say anything because Gaona had threatened he would shoot her, her mother, and her brother if she told anyone about the abuse.

Two shotguns recovered in the search of Gaona's home were admitted into evidence. Here, the shotguns were relevant to explain why M.L. did not initially disclose Gaona's sexual abuse of her and why it was her younger brother who first disclosed the

8

abuse to their mother. M.L. told her mother she could not discuss it because Gaona was going to shoot her, her mother, or her brother if she told. The existence of the shotguns supports M.L.'s stated reason why the disclosure of the abuse was delayed. Gaona's counsel was not ineffective for failing to object on the basis of relevance.

b.    *Admission of the pornography testimony and the videos' covers*

At trial, M.L. testified that at least one of Gaona's assaults of her occurred while watching a pornographic video. She also described in detail the acts Gaona committed against her. Gaona argues the testimony regarding the pornography and the covers of these videos were irrelevant and his counsel was ineffective for failing to object to the admission of this evidence.

The district court held that trial counsel's failure to object to the pornographic videos and their covers was a matter of trial strategy because objecting to the video covers and testimony would have drawn further attention to the evidence. Gaona does nothing to "overcome the presumption" that this failure to object was "'sound trial strategy.'" See *Rice*, 261 Kan. at 599 (quoting *Strickland*, 466 U.S. at 689). By not objecting to these videos and testimony, trial counsel did not draw further attention to the fact that Gaona was allegedly showing M.L.—his 10-year-old stepdaughter—a pornographic film while sexually abusing her. Trial counsel's actions may be viewed as a sound trial strategy.

Furthermore, even if trial counsel had objected, the covers and testimony were relevant because M.L. testified that she was accosted on at least one occasion while Gaona watched a pornographic video. The evidence supports this testimony and explains how M.L. had sexual knowledge beyond her years. Gaona's counsel was not ineffective for failing to object to the evidence on the basis of relevance.

9

2.     *Failure to properly submit evidence to the State prior to trial*

Second, Gaona argues his trial counsel was ineffective for failing to properly submit evidence to the State prior to trial. Specifically, he argues his trial counsel did not disclose Gaona's medical records to the State in accordance with K.S.A. 22-3212.

At trial, Gaona's defense was that it was impossible for him to commit the crimes of which he was charged because he could not get or maintain an erection due to prostate problems. His wife, M.L.'s mother, corroborated this fact. However, Gaona testified that he could maintain an erection on occasion. Gaona wished to submit his medical records as evidence of his erectile dysfunction.

> "In this case, the parties each requested discovery from the other well before trial. The State's request under K.S.A. 22-3212 specifically sought any 'medical records . . . which the Defendant intends to produce at trial.' Nevertheless, Gaona produced no medical records to the State until approximately 2 hours before he sought to introduce them at trial. The State objected. Gaona's counsel, who sought to admit the records with no supporting foundation or medical testimony, said the records had not been produced for the State earlier because a final decision had not yet been made on whether to seek their admission. The trial judge excluded the records. Thus the evidence at trial on Gaona's prostate problem and related erectile dysfunction was limited to his testimony and his wife's confirmation of her awareness of the issue." *Gaona*, 293 Kan. at 953.

K.S.A. 22-3212(c) requires the defense to produce for inspection any documents that it intends to introduce at trial. Because Gaona's trial counsel did not do this within the timeline set by the court, the medical records could not be introduced, and counsel's performance was deficient from an objective point of view. However, Gaona must still show how this failure prejudiced him. See *Sprague*, 303 Kan. at 426.

10

As explained, to establish prejudice the movant must show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. 303 Kan. at 426. Here, it is not reasonable for us to conclude that the outcome of the trial would have been different had Gaona's medical records been introduced into evidence. Our Supreme Court agreed with the State that "the trial court did not prevent Gaona from presenting his medical issues, only his medical records." *Gaona*, 293 Kan. at 953. Gaona testified to his erectile dysfunction, and his wife corroborated his testimony. The medical records, described by the State in Gaona's direct appeal as including "a host of irrelevant information" unconnected to Gaona's claim of erectile dysfunction, would not have introduced any evidence in addition to what Gaona was allowed to present in his defense. *Gaona*, 41 Kan. App. 2d at 1074. Therefore, our confidence in the outcome is not disturbed by trial counsel's failure to put into evidence Gaona's medical records.

3. *Failure to secure a medical expert in erectile dysfunction*

Third, Gaona argues that his trial counsel was ineffective for failing to secure a medical expert in erectile dysfunction. Specifically, he argues that such an expert would have substantiated an essential element of his defense.

Here, there is no showing that it was objectively unreasonable for Gaona's trial counsel not to secure an expert in erectile dysfunction. Gaona claims that an unnamed expert would have confirmed his erectile dysfunction. However, as explained above, trial counsel elicited testimony regarding Gaona's erectile dysfunction from both Gaona and his wife—the best witness possible to present this evidence to the jury. Although Gaona's defense relied on his purported erectile dysfunction to argue that it was impossible for him to sexually abuse M.L., his own testimony was that he was still able to get erections. Moreover, Gaona's 60-1507 motion does not allege an expert would testify to anything not already presented at trial. Given that Gaona makes no showing that a medical expert

11

would have presented any evidence different than what Gaona and his wife presented at trial, trial counsel was not ineffective for failing to secure a medical expert in erectile dysfunction.

4.      *Failure to secure a medical expert with knowledge of recessed hymens*

Fourth, Gaona argues his trial counsel was ineffective for failing to secure a medical expert with knowledge of recessed hymens. Specifically, he argues that an expert would have testified that a recessed hymen is normal in adolescents.

At trial, Sexual Assault Nurse Examiner (SANE) Pam Washburn testified that her observations from her examination of M.L. included irregular margins on M.L.'s hymen, no physical evidence of acute trauma, and no abnormal findings in M.L.'s anal area. Other than a restatement of M.L.'s statement to her, Washburn confirmed that all the other physical findings were negative. On cross-examination, Washburn testified that the irregular hymen could be caused from something besides penetration of the vagina by a finger or a penis and that from her examination she could not tell what caused the irregular hymen. Gaona's trial counsel's questioning elicited the fact that an irregular hymen is not always caused by sexual abuse, and Gaona includes no additional information to which his unnamed hymen expert would have testified. Accordingly, trial counsel's performance in not securing an expert in recessed hymens was not objectively unreasonable.

5.      *Failure to object during the State's closing argument*

Fifth, Gaona argues his trial counsel was ineffective for failing to object during the State's closing argument. Specifically, he argues that trial counsel should have objected during the State's rebuttal because it appeared the State was vouching for the credibility of M.L. when the prosecutor stated: "She knew that the semen came out of the tip of the

12

doinkey was milky, like milk, that it was gushy and goopy and that it tasted nasty. Now, that's something you can't coach. That's something she knew. She could describe that."

> "To determine whether prosecutorial error has occurred, the appellate court must decide whether the prosecutorial acts complained of fall outside the wide latitude afforded prosecutors to conduct the State's case and attempt to obtain a conviction in a manner that does not offend the defendant's constitutional right to a fair trial." *State v. Sherman*, 305 Kan. 88, 109, 378 P.3d 1060 (2016).

A prosecutor should not comment on the credibility of his or her own witnesses. *State v. Pabst*, 268 Kan. 501, 506, 996 P.2d 321 (2000); Kansas Rules of Professional Conduct (KRPC) 3.4(e) (2017 Kan. S. Ct. R. 345). "[A] prosecutor commits [error] by making an improper argument, even if the improper argument is made in response to arguments or statements by defense counsel." *State v. Marshall*, 294 Kan. 850, 860, 281 P.3d 1112 (2012).

Here, the prosecutor's comment made during rebuttal was in response to Gaona's trial counsel's comments during closing argument accusing M.L. of fabricating the stories to get rid of her stepfather because she and her younger brother thought he was too strict. The prosecutor's comment on M.L.'s credibility was error, even though it was in response to defense counsel's statements. See *Marshall*, 294 Kan. at 860; *Pabst*, 268 Kan. at 506. Gaona's trial counsel erred by failing to object to such comments. However, Gaona fails to show how he was prejudiced by trial counsel's error. There is no showing, based on a reasonable probability, that the outcome of the proceeding would have been different had trial counsel objected. See *Sprague*, 303 Kan. at 426. It is clear the jury viewed and meaningfully considered all of the evidence because it found Gaona not guilty of three of the crimes for which he was charged. Without such a showing of prejudice, we hold Gaona's trial counsel was not ineffective for failing to object to the State's closing arguments.

13

6.    *Failure to object to witness statements*

Sixth, Gaona argues his trial counsel was ineffective for failing to object to witness statements. Specifically, he argues that trial counsel was ineffective for failure to object to the State's question: "So the findings of the abnor—irregular margin, is that consistent with her history of sexual abuse?" and the SANE nurse's answer of "Yes." Gaona argues that because there was no history of sexual abuse, this question was improper. We disagree. The issue at trial was Gaona's alleged abuse of M.L., and it was a proper question of the medical expert. Trial counsel was not ineffective for not objecting to this question.

7.    *Failure to object to the State's violation of Gaona's motion in limine*

Seventh, Gaona argues his trial counsel was ineffective both for eliciting testimony about the pornography and for failing to object to the State's violation of his motion in limine, which was supposed to prevent the introduction of "other crime evidence or other bad acts." Again, as previously discussed, the possession of pornography does not qualify as a "crime" or "bad act" under the statute. Therefore, Gaona's trial counsel could not have been ineffective for eliciting testimony regarding the pornography and failing to object to the admission of the pornographic videos.

8.    *Failure to object to and redact portions of taped interviews presented to the jury*

Eighth, Gaona argues his trial counsel was ineffective for failing to object to and redact portions of taped interviews presented to the jury. Specifically, he argues that trial counsel tried to have the taped interview of M.L. redacted during, rather than before, trial. However, the record on appeal does not reflect that Gaona's trial counsel requested redaction during trial. It is Gaona's responsibility to designate a record on appeal

14

sufficient to establish the claimed error. See *State v. Walters*, 284 Kan. 1, 15, 159 P.3d 174 (2007). "The court may presume that a factual statement made without a reference to volume and page number has no support in the record on appeal." Kansas Supreme Court Rule 6.02(a)(4) (2017 Kan. S. Ct. R. 35). Without this information, a meaningful review of this issue is precluded. Additionally, Gaona does not describe exactly what information in the taped interview was objectionable. The lack of this information further precludes a meaningful review. Based on the limited information presented, we cannot find that trial counsel was ineffective for failing to object to and redact portions of taped interviews presented to the jury.

9. *Failure to properly cross-examine the State's witnesses*

Ninth, Gaona argues his trial counsel was ineffective for failing to cross-examine the State's witnesses. Specifically, he argues that the KBI forensic scientist and the SANE nurse were not properly cross-examined by his trial counsel regarding the lack of DNA found. However, the examination of witnesses typically is a matter within the reasonable professional judgment of trial counsel. *State v. Gleason*, 277 Kan. 624, 647, 88 P.3d 218 (2004).

Gaona lists specific questions in his 60-1507 motion that he says his trial counsel should have asked. Gaona argues the KBI forensic scientist should have been questioned about the lack of DNA evidence; he was. The KBI forensic scientist specifically testified that he did not find DNA on M.L.'s shirt, shorts, and oral swabs. He also testified that he often finds some type of forensic evidence in sexual assault cases and here there was none. Gaona argues similar questions should have been asked of the SANE nurse. However, the KBI forensic scientist is responsible for testing the sexual assault kit for DNA, not the SANE nurse. The SANE nurse would not have knowledge of what DNA or other forensic evidence was found; the nurse only collects the sexual assault kit that is

15

sent to KBI for testing. Trial counsel was not ineffective in his questioning of these witnesses.

10.    *Trial counsel's conflict of interest*

Tenth, Gaona argues his trial counsel was ineffective because he had a conflict of interest. Specifically, Gaona argues his counsel did not effectively represent him because counsel believed he committed the crimes. Gaona also argues his counsel was ineffective when he commented that the lesser included offense of attempted rape was available to the jury. To demonstrate that a conflict of interest resulted in ineffective assistance of counsel, a defendant has the burden of proving "(1) the existence of an actual conflict of interest between attorney and client; and (2) that the established conflict adversely affected the adequacy of the attorney's representation." *State v. Cheatham*, 296 Kan. 417, 448, 292 P.3d 318 (2013).

Gaona seems to argue that his counsel believed Gaona committed the crimes because he urged Gaona to take a plea bargain that would have resulted in a sentence of only 7 years' imprisonment. Although Gaona was found not guilty on two counts of aggravated criminal sodomy and one count of rape, he was sentenced to 330 months' imprisonment, or 27 1/2 years. It was not objectionably unreasonable for trial counsel to urge Gaona to accept a plea bargain that could have resulted in a fraction of the sentence he could receive if he were found guilty of the crimes charged or to the lesser included offense of attempted rape. Trial counsel had no conflict of interest with Gaona nor was he ineffective on this point.

Because Gaona's trial counsel was not ineffective in his representation, the district court did not err when it dismissed Gaona's ineffective assistance of counsel claims without an evidentiary hearing.

16

B.    *Did trial counsel's cumulative errors deprive Gaona of a fair trial*?

Gaona also argues that the cumulative effect of his trial counsel's errors deprived him of a fair trial by denying him of his right to the effective assistance of counsel.

"Cumulative trial errors, when considered collectively, may require reversal of the defendant's convictions when the totality of circumstances substantially prejudiced the defendant and denied the defendant a fair trial. If the evidence is overwhelming against the defendant, however, no prejudicial error may be found based upon this cumulative error rule." *State v. Smith*, 296 Kan. 111, 134, 293 P.3d 699 (2012).

However, we will find no cumulative error when the record fails to support the errors alleged. *State v. Marshall*, 303 Kan. 438, 451, 362 P.3d 587 (2015). While we found trial counsel erred by not properly submitting evidence and by failing to object to the State's rebuttal comments during closing argument, Gaona was not prejudiced by these errors either individually or collectively; therefore, trial counsel was not ineffective. In light of the strength of the State's case against Gaona and the lack of prejudice of trial counsel's two errors, we conclude the errors did not cumulatively deny Gaona a fair trial.

C.    *Did prosecutorial error deny Ganoa of a fair trial?*

Next, Gaona argues that the prosecutor's questioning during trial and statements during closing arguments deprived him of a fair trial.

"'Under Kansas law, where an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived.'" *Drach v. Bruce*, 281 Kan. 1058, 1079, 136 P.3d 390 (2006) (quoting *State v. Neer*, 247 Kan. 137, 140-41, 795 P.2d 362 [1990]). Prosecutorial error is a trial

17

error and must be raised on direct appeal. See *Haddock v. State*, 282 Kan. 475, 519, 146 P.3d 187 (2006); Kansas Supreme Court Rule 183(c)(3) (2017 Kan. S. Ct. R. 222).

Gaona did not raise this issue in his direct criminal appeal. See *Gaona*, 293 Kan. at 932. Therefore, the issue is waived, and res judicata precludes our review.

D.      *Did cumulative trial errors deprive Gaona of a fair trial*?

Finally, Gaona argues that cumulative errors deprived him of a fair trial. Again, when a sentence or conviction is appealed, our review of issues previously raised is res judicata, and issues that could have been raised but were not are waived. *Drach*, 281 Kan. at 1079. Gaona previously raised this issue in his direct criminal appeal. *Gaona*, 293 Kan. at 957. Thus, res judicata precludes our review.

Affirmed.

18